EDNA WILSON, G. SEARING WILSON, GRAHAM L. WILSON and GEORGE B. WILSON, as Executors of and Trustees under the Last Will and Testament of GEORGE B. WILSON, Deceased, Landlords, Respondents, v. DELIA ROWAN, Tenant; LOUIS LUBITZ, Assignee; JOHN E. HARRIGAN, Assignee, Appellant.

Supreme Court, Appellate Term, First Department, October, 1921, Term — Filed April, 1922.

Landlord and tenant — summary proceedings — premises leased for use as café — denial by tenant that he is carrying on illegal business — judgment on pleadings in landlord's favor will be reversed.

Under a ten-year lease expiring June 1, 1922, the premises were to be used as a café for the sale of liquors at retail. In a summary proceeding to remove the tenant on the ground *inter alia* that the premises were being used and occupied for an illegal trade or business, it appeared upon the face of the petition that down to the date of the institution of the proceeding, the tenant had paid the stipulated rent. By his answer the tenant denied that he is using the premises for carrying on illegal trade or business. *Held*, that from the pleadings it was inferable that the parties had agreed upon a legal use of the premises under the lease.

A final order entered upon granting the landlord's motion for judgment on the pleadings will be reversed and the motion denied on the ground that the landlord was not entitled thereto in advance of a trial of the issues.

APPEAL by tenant from final order of the Municipal Court of the city of New York, borough of Manhattan, ninth district, in favor of landlord, granted on landlord's motion for judgment on the pleadings.

*W. H. Burby* (*George D. Zahm*, of counsel), for appellant.

*Everett, Clarke & Benedict* (*Herman S. Hertwig*, of counsel), for respondents.

GUY, J. In this summary proceeding against a tenant whose ten-year lease expires June 1, 1922, three grounds are stated for the removal of the tenant: (1) That at the time of institution of the summary proceedings the premises (which under the lease were to be used as a café for the sale of retail liquors and not other-

wise) were being used and occupied for an illegal trade or business, in violation of the National Prohibition Act and of the laws of the state of New York, without the permission of the landlord; (2) that by reason of the adoption of the Eighteenth Amendment to the Federal Constitution and the subsequent passage of the act of congress commonly known as the National Prohibition Act, and of chapter 155 of the Laws of 1921 of the state of New York, the further performance of the lease was rendered impossible and illegal and had thereby terminated; (3) that it was provided by the lease that in case of default by the tenant in any of its covenants and conditions the lessors would have the right to terminate the lease and the term thereunder upon giving five days' written notice of an election to do so; that the landlord gave such notice to terminate the lease on April 21, 1921, in consequence of the impossibility or illegality aforesaid of the tenant's performing the covenant to use the premises as a café for the sale of retail liquors and not otherwise.

In his answer the tenant denied the allegations of the illegal use of the premises, and also denied that under the National Prohibition Act or the laws of the state of New York the lease was terminated.

At the opening of the trial the justice granted the landlord's motion for judgment on the pleadings.

Respondent cites *Doherty* v. *Eckstein Brewing Co*, 198 App. Div. 708, in support of the final order. That case, however, as well as others cited by the respondent, was an action for rent to which the tenant pleaded surrender because the demised premises could not be used for the purpose for which they had been demised, and the court held that when on the 16th day of January, 1920, the date when the National Prohibition Act became effective, the principal use of the premises for saloon purposes became unlawful, the lease terminated by operation of law in the absence of an agreement between the parties for a different use of the premises thereunder. See *Adams-Flanigan Co.* v. *Kling*, 198 App. Div. 717.

The answer in this case, however, denies that the tenant is using the premises for carrying on an illegal trade or business, viz., the sale of intoxicating liquors, and it appears on the face of the petition that down to the date of the institution of the proceeding the tenant has paid the rent to the landlord in conformity with the terms of the lease. It is thus inferable from the pleadings that the parties have agreed upon legal use of the premises under the lease, and the landlord was not entitled to a final order in advance of a trial of the issues.

To sustain the claim that the term has expired under a con-

ditional limitation because it was impossible for the tenant to carry on the business for the sale of retail liquors and not otherwise would be to evict the tenant for not violating the law and prevent the parties to a lease from agreement upon a different use of the premises from that prescribed in the instrument. It is clear, therefore, that in the condition of the pleadings a final order in favor of the landlord was not authorized as upon a limitation of the term.

Final order should be reversed, with ten dollars costs, and motion denied, with ten dollars costs.

BIJUR and WAGNER, JJ., concur.

Order reversed.