In the Matter of DITMAS APARTMENTS, INC., Petitioner, against
CHARLES G. COSTER et al., Constituting the Temporary
City Housing Rent Commission of the City of New York,
Respondents.

Supreme Court, Special Term, Kings County, November 9, 1949.

*Harold M. Harrison* for petitioner.

*Nathan W. Math* and *Joseph Jay* for respondents.

BELDOCK, J. This is a proceeding under article 78 of the Civil Practice Act to review the determination of the temporary city housing rent commission which denied a certificate of eviction and for an order directing its issuance. The commission in refusing to issue a certificate has held that petitioner failed to establish, in accordance with clause (a) of paragraph (1) of subdivision c of section U41-7.0 of the Administrative Code of the City of New York as clarified by section 5 of article II of regulation II of the commission's regulations, a violation by the tenant of a substantial obligation of the tenancy.

In reviewing the commission's conclusion, certain preliminary observations must be made. The first is that this court has but a limited function to perform and such function is exhausted when there is found to be a rational basis for the conclusion reached. If such conclusion has " warrant in the record ", " a reasonable basis in law " and is neither arbitrary nor capricious, the determination reached may not be set aside (*Matter of Park East Land Corp.* v. *Finkelstein,* 299 N. Y. 70).

With these considerations in mind, we pass to a brief recital of the events which gave rise to the claimed violation of a substantial obligation of the tenancy. In April, 1949, the petitioner, a domestic corporation, acquired title to premises 1921 Avenue K, Brooklyn, a corner apartment house of sixty-five families. One of its tenants is a practicing physician who, together with his wife and two children, occupies an eight-room apartment on the ground or street floor therein. Since 1943, when this tenant went into possession, one room and a foyer in the said apartment have been set aside by the doctor as an office; the remaining portion of the apartment is and has been used for residential purposes. The apartment is so designed that it has two separate entrances, one fronting on Avenue K and the other on Ocean Avenue. The primary entrance is the one which leads to the residential portion of the doctor's apartment, access to which may be gained from the lobby fronting on Avenue K; the other leads to the doctor's office, the approach to which is by a flight of steps through a street door opening on Ocean Avenue. For a great many years prior to 1943, this apartment, with its two separate entrances, has been thus used by other physicians who then occupied these subject premises.

On July 2, 1947, this tenant entered into a written lease with petitioner's predecessor in title, which lease by its terms expired

prior to petitioner's acquisition of such title. Embraced in the lease was a provision that the premises were to be used and occupied by the tenant and the immediate members of his family as a strictly private dwelling apartment and for no other purpose. Claiming that the use so made of the apartment in question constitutes a violation of the obligation of tenancy so as to authorize the tenant's removal, this proceeding has been brought before the commission, with the result as above stated.

That the tenant is in possession as a statutory tenant and the terms and conditions of the letting, including the restriction for which the premises are to be used, are projected into the new tenancy created by operation of law, cannot seriously be questioned. Nor can it be argued that there has not been a technical violation of the covenant restricting its use as and for a private dwelling. Assuming this to be so, can it be said that there was no warrant for the commission's holding that the violation was not of a substantial obligation of the tenancy? I think not. In performing its duty, wide latitude is afforded the commission in the exercise of its discretion to grant or withhold a certificate of eviction. Not only must there be a violation of an obligation of the tenancy, but such violation must be of a substantial obligation. In administering the rent laws, the commission is not bound by the technical concepts which inhere in the ordinary landlord and tenant relationship (*Matter of Park East Land Corp.* v. *Finkelstein,* 299 N. Y. 70, *supra*). The record abundantly supports the conclusion reached that this violation was purely a technical one and not so substantial as to warrant the granting of the relief sought.

The commission's action is fully justified for still another reason. The court concludes that there is sufficient basis in the record to warrant a holding that the breach of the obligation of the tenancy herein was waived. This tenant, with the consent and knowledge of his former landlords, ever since 1943 has used a portion of his premises for professional purposes. Photostatic copies of rent receipts from November, 1948, to March, 1949, were submitted to the commission's hearing officer, which disclosed that petitioner's predecessor issued such receipts for an apartment *and office.* Moreover, petitioner's agent prior to the acquisition of title admittedly was aware and knew of the use to which a portion of the tenant's apartment was being put.

This waiver of the restrictive covenant by petitioner's predecessor in title is binding upon the petitioner herein as its grantee. An oral waiver is good even though written consent is required

in the lease, and a waiver once made is decisive. (*Adams-Flanigan Co.* v. *Kling,* 198 App. Div. 717, affd. 234 N. Y. 497; *Sol Apfel Inc.* v. *Kocher,* 61 N. Y. S. 2d 508, affd. 272 App. Div. 758; *Vendramis* v. *Frankfurt,* 86 N. Y. S. 2d 715.)

The commission found that the sole object in commencing this proceeding was as a retaliatory measure for the tenant's failure to pay an exorbitant demand in increased rental. I agree with such conclusion.

The petition is dismissed.