Per Curiam.

Defendants are statutory tenants under a lease which has expired. The lease contains a provision that the tenant shall not install or use a washing machine without the ■written consent of the landlord and that a breach of this provision shall be deemed a substantial violation of the lease.
This case presents three questions: (1) Where a lease provides that a specific act is a substantial violation, can the court go behind that agreement and inquire whether it is or not? (2) If the court can, was there such a violation in this case? (3) If the specific violation does not cause any hardship but the implied permission to all tenants, if taken advantage of by a substantial number of them would cause damage, can the landlord enforce the provision?
As to the first question, it should be noted that a certificate from the Rent Administrator is not a condition precedent for bringing an action for eviction. Authority and responsibility are in the courts alone. It was not always so. At one time in the comparatively brief but very intensive history of rent regulation a certificate indicating permission from the Rent Commission was required for the violation of a substantial term of the lease before the courts could entertain the action. WAile this provision was in effect, it was held that the commission did not abuse its authority by failing to give a similar clause in a lease conclusive weight (Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70). The gravamen of the decision was that the extraordinary situation which gave rise to the emergency rent laws and the placing of this power in an administrative body indicated that the Legislature believed traditional legal approaches would not prove adequate. The revesting of the power, at least in this instance, would likewise be an indication of legislative intent, this time of a contrary nature. The parties here have agreed on what constitutes a substantial violation. If there is no prohibition on their so agreeing, and none is suggested, their agreement should be given effect.
On the second question, whether the use of the washing machine caused any damage to the landlord or other tenants, the court found that it did not. The finding has support in the record and is unexceptionable.
However, on the third question, not referred to by the court below in its opinion, the record is just the other way. The land *118 lord proved that other tenants were using washing machines and that the strain on the plumbing disposal facilities was greater than they could carry and, consequently, that a general use would tax the existing facilities so as to cause their breakdown. Tenants’ only answer to that proof is that, if the others used their machines properly, it would not occur, but no proof to substantiate this was given.
The court should have given effect to the agreement of the ■parties, and if conclusive effect was not given, the restricted interpretation of whether the breach was in fact substantial was not warranted.
The landlord has indicated on this appeal that should the respondents comply with the lease and get rid of the washing machine, they are welcome to remain as tenants. The final order, therefore, so provides.
The final order should be reversed, with $30 costs, and final order directed in favor of landlord, as prayed for in petition, ■with costs. If the tenants remove the washing machine from the premises within five days of service of copy of the order entered hereon, with notice of entry, eviction is stayed until ■further order of the court.
Steuer and Hecht, JJ., concur; Hoestadter, J., concurs in result.
Final order reversed, etc.