Arthur Waohtel, J.
This is a holdover proceeding wherein the petition alleges as a ground therefor the following: “ The tenant has breached his lease by virtue of his keeping a dog in the apartment of the demised premises.” The lease herein, executed July 24, 1956, provides in paragraph seventh, rule 7, as follows: “ (7) No animals of any kind shall be kept or harbored in the demised premises unless expressly permitted in writing by the landlord, and such consent shall be revocable at any time.5 ’ In support of the petition, the landlord relies upon a notice sent to the tenant dated February 8, 1957, as follows: “ Dear Sir: According to the provisions of lease signed by you, Paragraph 7, Rule 7, specifically states that pets are not permitted in the apartment unless by the consent of the landlord.
“ We note that you have a dog in your possession.
*952 ‘1 Therefore, please be notified, that according to the terms of the lease, we are exercising this option as stated in the above paragraph, and are asking you to please remove dog from the apartment. Very truly yours, Hardav Realty Corporation.”
Subsequent to such notice, the landlord served a 30-day notice upon the tenant on February 27,1957, stating as the ground for the proposed eviction the following: “ This eviction is brought under and pursuant to statute. The tenant is committing and/or permitting a nuisance in the premises herein and the tenant’s conduct is such as to interfere substantially with the comfort or safety of the landlord or with other tenants or occupants of the premises herein. That despite notice to the tenant, said tenant has kept a dog in apartment and in the demised premises.” This 30-day notice sets forth as the ground for the proposed eviction, not breach of lease, but the alleged nuisance and conduct of the tenant as set forth in subdivision 2 of section 52 of the State Rent and Eviction Regulations. Thus, the 30-day notice is defective (cf. Blozevich v. Tasber, 116 N. Y. S. 2d 801, 804, 805). Subdivisions 1 and 2 of section 53 of the State Rent and Eviction Regulations provide as follows:
“ 1. Except where the ground for removal or eviction of a tenant is non-payment of rent, no tenant shall be removed or evicted from housing accommodations by court process and no action or proceeding shall be commenced for such purpose upon any of the grounds permitted in Section 52 unless and until the landlord shall have given written notice to the tenant and the. Local Rent Office as hereinafter provided.
“ 2. Every notice to a tenant to vacate or surrender possession of housing accommodations shall state the ground under Section 52 upon which the landlord relies for removal or eviction of. the tenant, the facts necessary to establish the existence of such ground, and the date when the tenant is required to surrender possession.” (Italics supplied.)
In any event, the court finds the landlord has failed to sustain its burden of proof that the tenant is committing or permitting a nuisance in the housing accommodations or that his conduct is such as to interfere substantially with the comfort or safety of the landlord or of other tenants or occupants of the premises in question. Inasmuch as the housing accommodations are under control, the only other possible ground for a proceeding for eviction in this case without certificate appears to be subdivision 1 of section 52 of the State Rent and Eviction Regulations which provides as a ground therefor: “ 1. The tenant is violating a substantial obligation of his tenancy other than the obligation to surrender possession of such housing aceommoda- *953 lion and has failed to cure such violation after written demand by the landlord that the violation cease within ten days ”. It seems that the notice of February 8, 1957, complies with this provision. However, the Appellate Term of the First Department has held in the case of Smith Real Estate v. Byrne (3 Misc 2d 559) that, “ The mere keeping of a dog in an apartment in contravention of the terms of a lease is not a breach of a substantial obligation of tenancy.” Furthermore, the proof warrants the conclusion that the tenant specifically requested permission to keep the dog in the apartment prior to the signing of the lease and the landlord specifically gave such permission to the tenant and the tenant would not have signed the lease had not such permission been granted and that, accordingly, the tenant executed the lease in reliance upon the representation of the landlord and that the landlord is estopped from asserting, at this time, a violation of the lease. The covenant in the lease prohibiting the keeping of a dog was waived and the further covenant that the consent must be in writing may also be and was waived, and a waiver, once given or proved, is decisive. (Trent v. Corwin, 76 N. Y. S. 2d 198; Apfel, Inc., v. Kocher, 61 N. Y. S. 2d 508, affd. 272 App. Div. 758; Weisbrod v. Dembosky, 25 Misc. 485; Adams-Flanigan Co. v. Kling, 198 App. Div. 717, affd. 234 N. Y. 497, cert. denied 260 U. S. 741; Radcliffe Associates v. Greenstein, 274 App. Div. 277; Schneider v. Greenberg, 146 N. Y. S. 2d 636.)
Accordingly, petition dismissed. Final order for tenant.