Arthur A. Klotz, J.
This is a hold-over preceeding brought against the tenant to evict her pursuant to sections 52 and 53 of the State Rent and Eviction Regulations for failing to remove a washing machine which she maintains in her apartment after being requested to do so by the landlord.
It was stipulated at the trial that the required statutory notice was served.
The tenant installed a washing machine in her apartment in or about the month of July, 1956, without the landlord’s knowledge or consent. The landlord learned this many months ago but did not object and accepted rent from the tenant as it became due. On January 8, 1958, water overflowed from the tenant’s apartment into thé landlord’s store which is directly underneath causing substantial damage to the landlord’s merchandise. When this occurred the landlord demanded the removal of the washing machine. For a failure to comply, this proceeding was brought.
There is no credible proof to indicate that the washing machine vibrates, makes noise or is otherwise obnoxious. Indeed, from the long period that it has been in operation without objection, it is reasonable to assume that it is not. Nor is there any credible proof to indicate that it taxes the plumbing or other facilities of the building, or is a trespass upon such facilities or is violative of any agreement between the parties. Absent any proof of such a nature, I am of the opinion that a washing machine is an ordinary household appliance that does not require the landlord’s consent to be maintained.
The incident of January 8, 1958, may give rise to a cause for damages but on the evidence before me I find it is not a violation of section 52 of the State Rent and Eviction Regulations of the Temporary State Housing Rent Commission.
Accordingly, final order in favor of tenant.