Robert V. Santangelo, J.
This is a holdover proceeding by the landlord against the tenant, praying for a final order awarding possession to the landlord because of a violation by the tenant of a substantial obligation of the tenancy.
*330 The tenant entered into possession of three rooms on the third floor, at 2825 Grand Concourse, under a lease beginning the 15th day of May, 1950, and ending July 14, 1950, with a predecessor landlord.
The written lease contains the provision (par. 30): “ That the tenant shall not install or use a laundry machine or dishwashing machine or other mechanical equipment without the consent of the landlord in writing. ’ ’ In 1955 the tenant purchased a washing machine and installed it. On July 2, 1956, the present land-land became owner of the premises known as 2825 Grand Concourse, The Bronx.
The landlord conceded that he learned of the installation of the equipment in November, 1956. The tenant in his answer asserts that there is a waiver on the part of the landlord with respect to the use of the washing machine by the tenant, and that the landlord is estopped from preventing the tenant from continuing the use of the washing machine. There was evidence to the effect that the landlord provided washing machines in the laundry room for the use of tenants of the building.
The court finds from the evidence in the case that the superintendent of the present landlord was also the superintendent of the predecessor landlord, and that he did not by any affirmative act do anything with respect to the installation of the tenant’s washing machine. The court also finds that the landlord, with full knowledge of the installation of the tenant’s washing machine, remained silent from the date of its installation until a dispute arose between the landlord and tenant as to the cause of lack of hot water in the pipe connected to the tenant’s washing machine. The court is not satisfied from the evidence that the washing machine in any way affected the failure of a proper flow of hot water to the apartments served by the same line where the tenant’s washing machine was installed.
The tenant is a statutory one, and is bound by all the terms and conditions of the lease entered into with the predecessor landlord. He is, therefore, subject to a strict interpretation of paragraph 30 of the lease. The court finds that even though the landlord had full knowledge that the washing machine was installed and used by the tenant from 1955 to 1959, when the landlord ordered the tenant to remove it, that in view of the tenant’s not having received written consent from either the predecessor landlord or the present landlord, the landlord can at any time enforce its observance on the part of the tenant. The court does not find that the landlord here or the predecessor landlord committed any affirmative act by which the tenant was assured that there was a waiver on the part of the landlords *331 as to the provisions of paragraph 30 of the lease. The court, further, holds that the silence on the part of the landlord during the period of time that the washing machine was in use by the tenant, does not constitute a waiver or a condoning by the landlord of continued use of the washing machine in the tenant’s apartment.
The court finds that the maintenance of the washing machine is a substantial violation of the lease and of the tenancy. It is, therefore, the finding of this court that the lease between the parties forbids the installation or use of the washing machine, and this agreement must be given effect. (See L. H. Estates Co. v. Bartholomew, 9 Misc 2d 116, affd. 5 A D 2d 815.)
Accordingly, the landlord is entitled to a final order awarding possession of the demised apartment, unless the tenant removes the equipment and restores the landlord’s property to its original condition within a reasonable time, which the court fixes as 30 days from the entry of the order herein. Unless the tenant removes the said equipment from the premises within the set time, final order is granted awarding to the landlord possession of the apartment, with the costs of this proceeding, and for a warrant to remove the tenant and those holding under him from possession of the premises.