Bernard Weiss, J.
After trial, petition dismissed; final order in favor of tenant.
This is a holdover summary proceeding based on subdivision 1 of section 52 of the State Rent and Eviction Regulations on the ground that the tenant is violating a substantial obligation of her tenancy in maintaining a washing machine in her apartment in violation of an express provision to the contrary in her expired lease. At the trial before the court it was established that both before and subsequent to the expiration of the lease the tenant had received oral permission for the installation from the witness Braff as agent for the original landlord and on his own behalf as successor landlord, immediate predecessor to the present landlord. The latter counters wdth a provision in the lease, concededly projected into the statutory tenancy, to the effect that the provisions of the lease may not be cancelled, modified or waived except in writing, and contends that that provision, and hence the restrictive covenant in question, cannot be waived except in writing.
The landlord cites Emanden Realty Corp. v. Angley (24 Misc 2d 877), in which the Appellate Term of this Department held: ‘1 The unauthorized installation of the washing machine and its retention after notice was a violation of a material provision of the lease (L. H. Estates Co. v. Bartholomew, 9 Misc 2d 116). There was no proof of waiver of the terms of the lease.”
The landlord seeks to elicit therefrom a factual similarity to the instant proceeding by reason of the following dissent of Mr. Justice Hoestadter (supra, pp. 877, 878): “ The lease does not prohibit absolutely the installation of a washing machine; it requires only the consent of the landlord in writing to the installation. The trial court’s finding, on sufficient evidence, of a waiver necessarily implies oral consent. That is enough to create a valid waiver of the requirement of written consent (Alcon v. Kinton Realty, 2 A D 2d 454, 456; Beatty v. Guggenheim Exploration Co., 225 N. Y. 380, 387; Adams-Flanigan Co. v. Kling, 198 App. Div. 717, 720, affd. 234 N. Y. 497; Sol Apfel, Inc. v. Kocher, 61 N. Y. S. 2d 508, affd. 272 App. Div. 758) ”.
The landlord’s attempt to construe the majority opinion in terms of the dissenting opinion is, of course, speculative. Moreover, an oral consent implied from a finding of waiver is readily *1050 distinguishable from the express oral consent here under consideration, and the Emanden analogy therefore fails. In fact, Emanden itself was predicated on the authority of L. H. Estates therein cited (supra) in which waiver was not involved.
This court prefers to rest its determination on the' recent decision of the Appellate Division, Second Department, in Lansis v. Meklinsky (10 A D 2d 649) in which a tenant’s removal of a sink and stove from his apartment to the basement, and the substitution of his own equipment was held, in any event, not to be a violation of a covenant in the lease, against alterations without written consent, the court holding, however, that, ‘ ‘ There was evidence at the trial that the appellant [landlord] had orally consented.” It does not appear whether a provision against oral waivers was involved in Lansis. The authorities cited by Mr. Justice Hofsiadteb in Emanden. to the effect that there may be an oral waiver of the. requirement for written consent persuade the court that had express oral consent been established in Emanden the final order of the trial court in favor of the tenant would have been affirmed.
The other authorities cited by the landlord are not in point.
In Minwood Realty Corp. v. Lerner (17 Misc 2d 329, 330, 331), Mr. Justice Saxtangelo found that the landlord “ did not by any affirmative act do anything with respect to the installation of the tenant’s washing machine that “ the landlord, with full knowledge of the installation of the tenant’s washing machine, remained silent from the date of its installation until a dispute arose between the landlord and the tenant that there was no 61 affirmative act by which the tenant was assured that there was a waiver on the part of the landlords and that “ silence on the part of the landlord during the period of time that the washing machine was in use by the tenant, does not constitute a waiver or a condoning by the landlord of continued use of the washing machine ’ ’ all of which is easily distinguishable from the express oral consent at bar.
Kolodney v. Shapiro (100 N. Y. S. 2d 70), People ex rel. McGoldrick v. Regency Park (280 App. Div. 804) and Eigen v. Smokler (120 N. Y. S. 2d 23) involve the revocability of licenses authorizing tenants to maintain roof-top antennas on apartment buildings. In McGoldrick, for example, the issue was as to the tenant’s right to “ possession of space which was never let or licensed to him,” rather than the tenant’s right to the use of space in his own apartment. McGoldrick, furthermore, was impaled upon the parol evidence rule in that the claimed oral consent preceded the execution of, and was alleged to have *1051 “served to induce the tenant to execute,” the written lease which prohibited the subject use.
On the other hand, the authorities cited in the tenant’s supplemental memorandum are not in point, there being no analogy between the instant proceeding and cases involving agreements by building owners permitting the installation of coin-operated washing machines in the basement of apartment buildings.
As indicated, the court has accepted the argument in the tenant’s original memorandum to the effect that there may be a binding waiver of a provision requiring written consent, based, however, on the cases cited by Mr. Justice Hoestadter in his dissent in Emcmden (supra).