Joseph J. Celia, J.
This court is asked to decide whether the harboring of a dog in violation of a resolution of a landlord corporation constitutes such a breach of a substantial obligation of an occupancy agreement as to warrant the eviction of a tenant shareholder.
The question has been presented on an agreed statement of facts. At the time the tenant entered into possession, he owned a dog and there was no resolution in effect prohibiting dogs. While he had the dog, the resolution was passed prohibiting the acquisition of any new dogs and requiring notification to the management of all present dogs. Subsequently the tenant disposed of the dog because of its size. Some six years after the resolution was passed the tenant bought another dog which occasioned the present proceedings.
It must be stressed at the outset that the question to be decided is limited to its facts, most important of which are: 1. The dog has not committed any acts of nuisance; 2. the resolution prohibiting dogs did not expressly provide that a violation thereof would be considered a breach of a substantial obligation of the occupancy agreement. There are quite a few recent dog eases in both the First and Second Departments, but they have failed to crystallize into any clear pattern. However, as nearly as can be discerned, the weight of authority seems to side with holding that the mere harboring of a dog in contravention of an occupancy agreement is not a breach of a substantial obligation of such agreement.
Of the recent cases in the First Department only one case, Knolls Co-op. Sec. No. 11 v. Kurzrok (N. Y. L. J., April 27, 1962, p. 14, col. 4 [Supreme Ct., Bronx County]) held that the mere harboring of a dog under circumstances similar to the case at bar was a breach of a substantial obligation of a lease, and granted an injunction against the tenant.
In the same Department, five cases have arrived at the opposite conclusion on similar facts (Smith Real Estate v. Byrne, 3 Misc 2d 559; Hardav Realty Corp. v. Donahue, 8 Misc 2d 951; Parkside Development Co. v. McGee, 21 Misc 2d 277; Jerome Realty Co. v. Yankovich, 35 Misc 2d 183; Jerome Realty Co. v. Yankovich, 37 Misc 2d 433, affd. 19 A D 2d 697).
In the Second Department three eases (Valentine Gardens Co-op. v. Oberman, N. Y. L. J., Jan. 11, 1963, p. 19, col. 6 [Supreme Ct., Westchester County]; Cedar Constr. Corp. v. Schwartz, N. Y. L. J., July 15, 1963, p. 8, col. 7, App. Term *404 2d Dept.; Lincoln Co-op. Apts. v. Meltzer, N. Y. L. J., Jan. 30, 1963, p. 16, col. 3 [Supreme Ct., Kings County]) have concluded that harboring of a dog in violation of the agreement constituted a substantial breach. However, each of these three eases can be distinguished from the present case. In the Valentine Cardens case this much of the holding was dictum, since the court denied the landlord’s claim for an injunction on the ground of laches. In the Cedar Constr. case there apparently were special circumstances, i.e., the parties expressly agreed in writing that a violation of the dog clause would constitute a substantial breach of the agreement. Finally, in the Lincoln case it is unclear upon which authorities the court relied since no cases were discussed or even cited.
On the other hand, two cases in the Second Department (Kingsway-4thth Bldg. Corp. v. Flichstein, 234 N. Y. S. 2d 812; Hampshire Co-op. v. Friedman, N. Y. L. J., Dec. 19, 1962, p. 13, col. 6 [Supreme Ct., Queens County]) hold that the mere act of harboring a dog is not such a substantial breach of an agreement to the contrary as to warrant either an injunction (Hampshire) or an eviction (Kingsway).
Some of these cases are actions for injunctions and others are disposses proceedings, but that is not a distinguishing factor, since in either situation, before the landlord can succeed, there must be a breach of a substantial obligation on the part of the tenant. Nor is it a distinguishing factor that in some of the cases the parties have a bare landlord-tenant relationship and in others the relationship is that of a co-operative corporation and a shareholder (see Parkside Development Co. v. McGee, 21 Misc 2d 277, supra). Against the same norm is applied: Whether the obligation breached is a substantial part of the agreement; in addition, clause 2 of the present occupancy agreement creates a landlord-tenant situation, where it says in part: “ the Corporation hereby lets to the Member and the Member hereby takes from the Corporation, a right of occupancy”.
In conclusion, this court holds that in the absence of any allegation or showing that the dog committed a nuisance, and in the absence of any express written agreement to the contrary, the mere harboring of a dog in violation of an occupancy agreement is not a breach of a substantial obligation of a lease. Accordingly, the landlord’s petition for a final order is denied,