Sidney H. Asch, J.
The second most passionate human relationship is that of landlord and tenant. The instant case is in that category. ‘ The tenant entered into possession of the three-room apartment in 1005 Jerome Avenue, The Bronx, New York, an apartment house under a lease dated March 12, 1962, which by its terms expired on March 31, 1964. The landlord has brought this proceeding for repossession of the apartment. The lease specifically provides in paragraph 29th: “ The Tenant shall not install or use a laundry machine, dish washing machine, air conditioning or ventilating equipment, or other mechanical equipment or a television antenna or other radio antenna in the apartment or outside the confines of the apartment. That the tenant shall not affix wallpaper to the walls or ceilings or apply paint thereto, the colors or tints of which vary from the colors or tints applied to the walls and ceilings by the Landlord. The Tenant shall not harbor a dog, cat or any other animal on the premises. The violation by the tenant of any restriction contained in this paragraph shall be deemed a violation by the Tenant of a substantial obligation of this lease and shall entitle the Landlord to terminate the tenancy in the manner herein provided. ’ ’
It is conceded that the tenant installed and maintained a washing machine in the subject apartment. The landlord contends that the maintenance of the washing machine breached the terms of the lease and that this constituted a violation of the substantial obligation of the tenant’s status as such.
In L. H. Estates Co. v. Bartholomew (9 Misc 2d 116, affd. 5 A D 2d 815) the court held that the agreement of the parties as to what constitutes a substantial violation should be given effect by the court. It has been held that the installation of a washing machine contrary to the provisions of a lease is a violation of a material provision warranting a final order (L. H. Estates Co. v. Bartholomew, supra; Emanden Realty Corp. v. Angley, 24 Misc 2d 877; Cloverdale Garden Apts. v. Martin, 35 Misc 2d 175).
The question of whether there has been a substantial violation frequently turns on proof that that tenant committed or permitted a nuisance, or that his conduct was such as to interfere substantially with the comfort or safety of other occupants of the building. Thus, the mere keeping of a dog in contravention of the terms of the lease is not a substantial *41 violation (Smith Real Estate v. Byrne, 3 Misc 2d 559; Parkside Development Co. v. McGee, 21 Misc 2d 277; Jerome Realty Co. v. Yankovich, 35 Misc 2d 183; Hilltop Vil. Co-op. v. Goldstein, 41 Misc 2d 402; see, also, Jerome Realty Co. v. Yankovich, 37 Misc 2d 433, affd. 19 A D 2d 697). It is only if the tenant permits the dog to actually interfere unreasonably with the use and enjoyment of the premises that there may be a nuisance (cf. Kingsway-14th Binding Corp. v. Flickstein, 234 N. Y. S. 2d 812).
The landlord sought to prove facts which would place it within the scope of those cases which have held that a violation of a substantial obligation of the lease had been taken place. In support of the landlord’s motion, a tenant testified she had complained to the landlord that she was disturbed by noise emanating from the washing machine of the respondent. But even that tenant conceded that the respondent had accommodated the hours of use to her specification. Moreover, the witness seemed to be unusually sensitive to footsteps and other noises around her.
One of the discontents of civilization, to adapt a phrase from Sigmund Freud, is to be subjected to pressures, noises, and inconveniences of the close living of present-day society.
The position of the respondent tenant that the washing machine is movable, that is, not attached to the plumbing by a permanent connection, was not disputed. When the washer is to be used, it is rolled out to the kitchen sink where it is put into operation by connecting rubber hoses from the machine to the hot and cold water faucets. An additional hose is placed in the sink for the return of the wash and rinse water into the sink drains. A plug is inserted into an electric outlet nearby. The machine is not permanently attached or affixed to the existing plumbing or electric lines.
There was no showing by the landlord that other tenants had installed or were using washing machines in their own apartments. The apartment house itself had public washing machines available for the tenants. There was no testimony on behalf of the landlord that the use of respondent’s washer had resulted in overflowing or in damage to the plumbing.
In Cabrini Realty Co. v. Newman (237 N. Y. S. 2d 970) it was held that the maintenance of a movable washing machine was not a substantial violation in absence of proof that it overburdened plumbing or electrical outlets, or otherwise constituted a nuisance. (See, also, Kon v. Miah, 11 Misc 2d 152.) On the basis of the proof in this case, it cannot be said that the use of the washer constituted a nuisance.
*42 At the trial, the tenant sought to testify that at the time the lease was made, he asked for and was given, oral permission to install a television antenna, keep a dog, and use a washing machine, in spite of the prohibitions of paragraph 29th of the lease. The landlord objected and the court refused to permit this testimony to be given, on the ground that it violated the parol evidence rule. But even without this testimony, it seems clear that the landlord, through its agent, sanctioned the use of the washer by the tenant.
The landlord argues that under paragraph 3rd of the lease ‘ ‘ The terms, covenants or conditions of this lease .shall not be altered, modified or varied in any manner, except in writing signed by the Landlord.” Today, the law is giving increasing recognition to the fact that interpersonal relationships do not remain immobilized, like a gargoyle perched in perpetuity on the parapet of Notre Dame. Parties by their acts may alter their own contractural arrangements, or to alter the mode in which they have agreed upon to modify their contract. And most certainly, a party who has a right to enforce a forfeiture under a lease can choose to waive his remedial rights under that lease.
The tenant testified that when he moved into the premises in March of 1962, he brought in his dog and that this was with the knowledge and acquiescence of the superintendent. At the same time, he brought in the washing machine and has continued to use it for the past two years. He installed a television antenna on the roof of the apartment house in full view of the superintendent. He also testified that the same superintendent had been in his kitchen many times to collect rent and otherwise, and could not have missed seeing the washer, conceivably. The tenant related an instance in which a freezer was installed in his kitchen. The superintendent saw the freezer delivered into the building. He followed it to make sure that it was not a refrigerator and examined it in the kitchen beside the washer. The superintendent acknowledged the facts relating to the dog and television antenna. He was vague about the facts relating to the washing machine, but he did not deny seeing it. Upon all the facts, it is difficult not to conclude that the use of the washing machine was sanctioned.
The superintendent in the instant case collected rent; he had two handyman assistants. He was, in effect, the managing agent. The acts of the superintendent bind the landlord in this case. Just recently (Farr v. Newman, 14 N Y 2d 183, 187), the Court of Appeals pointed out: “It is well-settled that the principal is barred by notice to or knowledge of his agent in *43 all matters within the scope of his agency although in fact the information may never actually have been communicated to the principal (Howell v. Mills, 53 N. Y. 322; McCutcheon v. Dittman, 164 N. Y. 355; Ratshesky v. Piscopo, 239 Mass. 180).”
In 3235, Inc. v. Scalera (24 Misc 2d 1048) the court found an oral consent under similar circumstances. The court held, notwithstanding a provision in the lease to the effect that its terms could not be cancelled, modified, or waived except in writing, that a covenant prohibiting the tenant from maintaining a washing machine in an apartment house was subject to modification by the agent of the landlord’s predecessor. (Green v. Doniger, 300 N. Y. 238; Brandt v. General Dairies, 40 N. Y. S. 2d 692; see, also, Alcon v. Kinston Realty, 2 A D 2d 454, 465; Beatty v. Guggenheim Exploration Co., 225 N. Y. 380, 387; Adams-Flanigan Co. v. Kling, 198 App. Div. 717, 720, affd. 234 N. Y. 497; Sol Apfel, Inc. v. Kocher, 61 N. Y. S. 2d 508, affd. 272 App. Div. 758.)
Judge Cabdozo, in Beatty v. Guggenheim Exploration Co. (supra, p. 389) observed “ Much of the trouble comes from the use of the misleading word waiver ’ (Ewart, Law of Waiver, p, 3). It is made to stand for many things — sometimes for estoppel, sometimes for contract, sometimes for election (Ewart, supra). The oral consent may not have created an estoppel, nor modified a contract, and yet it may have established an election.”
In this case, the landlord collected rent and otherwise acquiesced in the use of the washer by the tenant for approximately two years. The landlord by so acting may be deemed to have waived his remedial right, even assuming a breach of a substantial obligation of the lease. A landlord may waive its right to dispossess by failing to take action (see Valentine Gardens Cooperative v. Oberman, 237 N. Y. S. 2d 535) or by accepting rent with knowledge of the violation (see Woollard v. Schaeffer Stores Co., 272 N.Y. 804).
Accordingly, petition is dismissed and final order is in favor of the tenant.