Vincent A. Lupiano, J.
(concurring in result only). This case involves the invocation by the landlord of the termination provisions in the lease to effect forfeiture by the tenant of said 15-year lease over 9 years before the expiration of the term agreed upon. The justification for this proceeding is that the tenant was tardy in payment of rent for the months of April and May, 1971. The record establishes a course of conduct by the parties to the lease over a period of almost 5% years during which the tenant had almost always paid the rent late and the landlord had always accepted late payments without seeking to invoke the termination *356 provisions. Under these circumstances a mere request for payment of the rent will not suffice to re-establish strict compliance by the tenant with the terms of the lease in regard to the date of payment of rent. (See Montant v. Moore, 135 App. Div. 334, 341.) Landlord’s failure to tie the rent demand to the termination provisions of the lease precludes the use of the three-day notice to terminate the lease.
On the record herein tenant’s delay in paying its rent was not such a material breach of the lease as to authorize landlord to terminate this 15-year lease 9 years before its normal expiration date. (See Madison 52nd Corp. v. Ogust, 49 Misc 2d 663, 664-665, affd. 52 Misc 2d 935.)
Accordingly, I vote for affirmance.
Final judgment affirmed, with $25 costs.