OPINION OF THE COURT
Herbert A. Posner, J.
This is a holdover proceeding to evict the tenants on the grounds that their conduct was "objectionable and improper” *459 and that they have violated the terms of their lease. The lease was a two-year lease expiring May 31, 1979.
It became apparent during the course of the trial that an amicable relationship did not exist. Personality problems had exacerbated the situation. However, the fact that landlord and tenant do not belong to a "mutual admiration society” is no reason for terminating the lease by either side. For a tenant to be found "objectionable”, his use of the property must be deemed "unreasonable or unlawful to the annoyance, inconvenience, discomfort or damage of others.” (Elliman & Co. v Karlsen, 59 Misc 2d 243, 245.)
This court finds that none of the complaints voiced by the landlord constitute "objectionable” conduct by the tenants. However, there was a violation by the tenants of the written lease. The third paragraph of the lease, dealing with negative covenants, states (in part): "That tenant will not * * * drill into, disfigure or deface any part of the premises or building or suffer the same to be done * * * Tenant will not, without the written consent of Landlord first obtained in each case, * * * make any alteration, addition or improvement in or to the premises.” The landlord alleged that the tenants, without his permission, violated the third paragraph of the lease by having an air conditioner installed into the wall of the second bedroom; said installation necessitating the removal of part of the building. Mr. Spiegel admitted that this was done, but claimed that the landlord had given him oral permission to do so. The landlord’s attorney objected to the introduction of an oral modification of a written lease for a term greater than one year, as being a violation of the Statute of Frauds (General Obligations Law, § 5-703; Auswin Realty Corp. v Kirschbaum, 270 App Div 334). Even if the oral permission was a condition precedent to the execution of the lease, it would only be acceptable if "the condition does not contradict the express terms of such written agreement.” (Hicks v Bush, 10 NY2d 488, 491.) Furthermore, the tenants’ defense being an affirmative one, the burden of proof was on him. The only evidence on the subject was the husband’s testimony that the landlord gave him oral permission and the landlord’s testimony that he did not. In the court’s opinion, the evidence was so evenly balanced that the court must find in the landlord’s favor on this issue, because the tenant had the burden to prove his defense by a "fair preponderance” of the evidence (Uniform Commercial Code, § 1-201, subd [8]).
*460 The tenants raise an interesting argument. They claim that even if the lease has been violated, the violation is one that does not entitle the landlord to evict the tenant. In support of this contention they point to a number of cases involving air conditioners wherein the courts found a "technical” violation of the lease but not substantial enough to require eviction, since the maintenance of an air-conditioning unit was the proper exercise of the tenant’s right as an incident to the enjoyment of the apartment. (Midboro Mgt. v Golub, 1 Misc 2d 735; Matter of 660 Locust St. Corp. v MacPherson, 150 NYS2d 215; Park East Land Corp. v Finkelstein, 299 NY 70; Piankay Realties v Romano, 271 App Div 104, affd 296 NY 920.)
This court finds no quarrel with the legal principle enunciated in the cases cited by the tenants. However, it is not apposite to the facts or issue in this case. The cases cited by the tenants all involve window air conditioners, the installation of which did not in any way deface or disfigure any part of the landlord’s premises. In this case the issue is not the installation of an air conditioner per se. It is the manner in which it was installed and what was done to the property. The violation of the lease consists of the defacing of the premises, not the use of the air conditioner. This court finds that there was a "substantial” violation of the lease (Minwood Realty Corp. v Lerner, 17 Misc 2d 329.)
Accordingly, the landlord is entitled to a final order awarding possession of the demised apartment, unless the tenants remove the air conditioner and restore the landlord’s property to its original condition within a reasonable time, which the court fixes as 60 days from the date this order is served upon the tenants.