Eighteenth Street Realty Corporation, Appellant, v. Maxthan Realty Co., Inc., Respondent.— Judgment reversed upon the law and a new trial granted, costs to appellant to abide the event. The parties were both seeking a declaratory judgment to secure the interpretation of paragraphs 4 and 5 of a lease in their relation to the apportionment of insurance premiums between the plaintiff and the other tenants of the building. Each had a theory of construction of the contract — the plaintiff, that the apportionment should be made on the basis of net rentals paid by all tenants; the defendant, on the basis of cubical contents; but the complaint was dismissed on the merits without approval of the defendant's interpretation. This was due to the failure of the defendant to offer any proof as to the circumstances surrounding the adoption of the disputed paragraphs (*Atterbury* v. *Bank of Washington Heights*, 241 N. Y. 231), any practical construction adopted by the parties, any general custom prevailing on the subject of apportionment of insurance premiums among tenants, any collateral agreement, or a disclosure of the provisions of the policies relating to the risk, or otherwise. In other words, it furnished no basis for a construction of the contract on the theory advocated; and there was no provision in the contract making the cubical contents the basis of apportionment. Very likely a solution might have been reached by taking out separate policies of insurance on the different portions of the building occupied by the several tenants. As the lease was apparently drawn by the defendant, any uncertainty or ambiguity in its terms should be resolved in favor of the plaintiff. (*Gillet* v. *Bank of America*, 160 N. Y. 549, 554; *Moran* v. *Standard Oil Co.*, 211 id. 187, 196; *Broadway Realty Co.* v. *Lawyers T. Ins. & T. Co.*, 226 id. 335, 337.) If we adopted this principle unaided by evidence we should reach the conclusion that paragraphs 4 and 5 should be read together, and as there is no standard of apportionment in paragraph 5 we should adopt

the proportionate rental basis in paragraph 4 as representing the standard agreed upon. We believe that in the furtherance of justice the defendant should be furnished opportunity to make its proof, and, therefore, a new trial is granted. Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ., concur.