CLEMENT M. OGDEN et al., Landlords, Respondents, *v.* HENDRIKA HAMER, Tenant, Appellant.

*Per Curiam.* The proceeding instituted by the landlords, if successful, would result in a forfeiture of the demised twenty-one year term, and would also operate as a forfeiture of tenant's building to the landlords.

The evidence adduced at the trial established that there was substantial compliance by the tenant in performing the work necessary for the removal of all violations filed against the tenant's property. Under the provisions of the lease, the tenant had the right to remedy the alleged default by removing violations within the time fixed for the termination of the lease. Where, as here, the covenants were substantially performed and no injury resulted to the landlords from the failure to comply strictly, the tenant is not to be held for their breach.

(*Riesenfeld, Inc.,* v. *R-W Realty Co., Inc.,* 223 App. Div. 140, 148.) The tenant was paying her ground rent as required by the terms of the lease, ultimately completed all the repairs necessary, and obtained a certificate of occupancy from the appropriate city department. As we find that the tenant substantially complied with the requirements of all statutes and ordinances within the period specified in the lease, we hold that the lease was not terminated.

The determination of the Appellate Term and the final order of the Municipal Court should be reversed and the landlords' petition dismissed on the merits, with costs to the tenant appellant in all courts.

Present — Martin, P. J., Townley, Glennon, Dore and Cohn, JJ.

Determination of the Appellate Term and the final order of the Municipal Court unanimously reversed and the landlords' petition dismissed on the merits, with costs to the tenant appellant in all courts. [See *post,* p. 773.]