6TH AVENUE & 24TH STREET CORP., Plaintiff, *v.* JANET N. LYON et al., Defendants.

Supreme Court, Special Term, New York County, June 7, 1948.

*Monroe Goldwater, Harry Rodwin* and *Bernard Katz* for plaintiff.

*Donald L. Newborg* and *Bernard Gold* for defendants.

BENVENGA, J. This is an action for a judgment declaring the rights and legal relations of the parties to a lease of commercial property. The question presented involves the construction and application of a provision in the lease which, so far as pertinent, provides that "if *  *  * the Tenant shall be in default in the performance of any  *  *  * terms, conditions, covenants or agreements hereof, *  *  * then *  *  * the Landlord shall have the option to give the Tenant 20 days' written notice of the Landlord's election to end the term of this lease, and upon the expiration of such 20 day period, unless the default be remedied within said time, the terms of this lease shall terminate, and the Landlord shall have the right to enter the said premises *  *  *."

The lease is for a term of ten years, beginning December, 1943, with an option for a two-year renewal. The default consisted in the alleged failure on the part of plaintiff to comply with an order of the commissioner of public works requiring the repair of a sidewalk. The notice, dated May 16, 1947, given by the defendants to the plaintiff, stated that the lease would be terminated twenty days after the receipt thereof, unless the default on the part of the plaintiff was cured and remedied within the twenty-day period; that is to say, by June 6, 1947. The notice was given and received in the midst of a strike in the cement industry, which made a supply of cement unavailable in the city of New York. For that reason, the work of repairing the sidewalk was delayed until the morning of June 6, 1947, but was completed within a short time.

The specific problem is whether the quoted provision creates a condition or a conditional limitation. The plaintiff contends that the provision is a mere condition, and that, as the default was substantially remedied by June 6th, the lease cannot be terminated. The defendant, on the other hand, maintains that the provision is a conditional limitation, and that, as the default was not completely remedied by June 6th, the lease was automatically terminated.

The distinction between a condition and a conditional limitation consists principally in this: that, to terminate the lease in the case of a condition, some act must be done upon the happening of the contingent event, such as making an entry; while, in the case of a conditional limitation, the mere happening of the event is, in itself, the limit beyond which the lease no longer exists; in such a case, no entry or other act is necessary to terminate the lease (*Lyon* v. *Hersey,* 103 N. Y. 264, 269; *Riesenfeld, Inc.,* v. *R–W Realty Co.,* 223 App. Div. 140, 145–148; *Burnee Corp.* v. *Uneeda Pure Orange Drink Co.,* 132 Misc. 435, 439).

But while the difference between a condition and a conditional limitation seems clearly defined, the cases on the subject abound in subtle distinctions. Indeed, some of them are irreconcilable (see *Burnee Corp.* v. *Uneeda Pure Orange Drink Co., supra,* pp. 438–443; 3 New York Law of Landlord and Tenant, §§ 971–973).

The determining factor is, of course, the intention of the parties. Such intention must be ascertained from an examination of the whole lease, and not from a particular clause (*Bovin* v. *Galitzka,* 250 N. Y. 228, 232). It has accordingly been held that where, as in the instant case, there is reserved to the landlord the right, at his option, to enter or re-enter upon the happening of the contingent event, the provision creates a condition subsequent, and not a conditional limitation. For that reason, substantially similarly worded provisions have been declared to set up " no more than a mere condition, and not a conditional limitation." (*Riesenfeld, Inc.,* v. *R–W Realty Co., supra,* pp. 145–147, 148; *Ogden* v. *Hamer,* 268 App. Div. 751; 3 New York Law of Landlord and Tenant, § 973.)

Construing the provision in the light of this general rule and in the light of the principle that forfeitures are not favored by the law (*98 Delancey St. Corp.* v. *Barocas,* N. Y. L. J., March 24, 1948, p. 1083, col. 1, PECORA, J.), the conclusion would seem inescapable that the provision in question was intended as a condition subsequent and not as a conditional limitation. This conclusion is strengthened by the circumstance that a valuable leasehold is involved, and that the default consisted in the alleged failure to make a minor repair within the period specified in the notice. It would be absurd to assume that the parties, under the circumstances, intended the provision to constitute a conditional limitation. " Forfeiture will not be declared because of a want of repair which is not substantial, or is of a trifling character." (*Kaplan* v. *Flynn,* 255 Mass. 127, 130.)

In any event, as the repairs were substantially completed within the period specified, and the failure to remedy the default did not result in any injury to the defendant, it would be inequitable and unjust to declare the lease forfeited or to hold it to have been prematurely terminated (*Ogden* v. *Hamer, supra*), especially when it is considered that the failure to complete the repairs was not due to any fault or negligence on the part of the plaintiff.

Judgment is, therefore, directed for the plaintiff. Settle judgment in accordance with this decision.