MADISON STORES, INC., Landlord, *v.* ENKAY SALES CORP., Tenant, and PILL BOX PHARMACY, INC., Undertenant.

Municipal Court of the City of New York, Borough of Manhattan, June 3, 1955.

*Philip H. Weekes* for landlord

*Alexander Stone* for tenant.

*Samuel Schachter* for undertenant.

SILVERMAN, J. This is a holdover summary proceeding to recover possession of the easterly ground floor store in premises 31–33 East 72nd Street, Manhattan, New York. The petitioner-landlord is the lessee of the entire first and second floors in said building under a lease dated November 1, 1954, and expiring October 31, 1975. The tenant Enkay Sales Corp. is the lessee of the store premises in question located on the first floor, under a lease dated March 25, 1951, and expiring March 31, 1962, with an option for renewal to March 31, 1972. Under a lease dated November 5, 1954, and modified on December 16, 1954, the tenant Enkay subleased the store to the undertenant Pill Box Pharmacy, Inc., which lease expires on March 14, 1962.

The landlord herein contends that it has terminated the lease of Enkay pursuant to an alleged conditional limitation set forth in paragraph 23 thereof and that the term of said tenant under said lease terminated on January 24, 1955, and that the tenant and undertenant are holding over without the consent of the petitioner. The pertinent portions of paragraph 23 of the lease read as follows: " 23. (1) If Tenant shall make default in fulfilling any of the covenants of this lease other than the covenants for the payment of rent or additional rent, or if the demised

premises become vacant or deserted, Landlord may give Tenant ten days' notice of intention to end the term of this lease and thereupon, at the expiration of the said ten days (if said default continues to exist) the term under this lease shall expire as fully and completely as if that day were the day herein definitely fixed for the expiration of the term, and Tenant will then quit and surrender the demised premises to Landlord but Tenant shall remain liable as hereinafter provided. (2). If the notice provided for in (1) hereof shall have been given, and the term shall expire as aforesaid; or * * *; then and in any of such events Landlord may without notice, re-enter the demised premises either by force or otherwise, and dispossess Tenant by summary proceedings or otherwise ''.

On January 14, 1955, the landlord served the following notice upon the tenant:

MADISON STORES, INC.
1449 Lexington Avenue,
New York 28, N. Y.

January 14, 1955

Enkay Sales Corp.,
55 West 42nd Street,
New York, New York
33 East 72nd Street
New York, New York

re: *Store Premises 33 East 72nd Street.*

DEAR SIRS:

We have received the letter of your attorneys, Messrs. Becker, Ross & Stone, dated January 7, 1955, which states that the signs objected to in our letter to you dated December 31, 1954, have been removed, which our inspection of the premises reveals to have been the fact.

However, it has come to our attention that today new signs have been placed in the place of the old signs on the windows and door of the above store premises.

We accordingly again notify you that such action on your part or on the part of your undertenant constitutes a breach of the lease dated March 25, 1951, between Marstan Realty Corporation, as Landlord, whose successor in interest we are, and yourself as tenant with respect to the above store premises, and a default thereunder as used in Article 23 of said lease.

We hereby notify you of our intention to end the term of said lease, and that if said default continues to exist at the expiration of ten days from the date hereof, the term of said lease will expire as fully and completely as if that day were the day thereon definitely fixed for the expiration of the term, and that we, as Landlord, intend to exercise all of our rights in the circumstances.

Very truly yours,

MADISON STORES, INC.
By (Signed)   ROBERT F. LITTLE,
*President.*

The basis for invoking the alleged conditional limitation as set forth in paragraph " 8 " of the petition is that " signs have

been erected upon and displayed in the windows and door of the store in violation of Section 7-A of the New York Zoning Resolution." and that such alleged violation is a breach of paragraph 39 of the tenant's lease which reads as follows: " 39. It is understood and agreed that Tenant has entered into this lease and accepts the demised premises subject to all present zoning ordinances and regulations and any and all amendments thereto, and Tenant covenants and agrees that it will at all times use the premises and conduct its business therein in conformity therewith and will not violate the present or any future zoning ordinances or regulations affecting the demised premises or the building of which it is a part."

Section 7-A of the Zoning Resolution of the City of New York (adopted March 1, 1943) provides as follows: " *Transition From Non-Residential To Residence Use.* (a) Except as provided in paragraph (b) of this section, where a use district other than a residence district extends along a street or part of a street and the abutting property is in a residence district, a building or use on a lot, whether a corner lot or otherwise, having frontage on such street and hereafter arranged, intended or designed to be occupied for other than residence use shall not have any business entrance or exit except as hereinafter provided, or any show window or sign on such street within a distance of seventy-five (75) feet from the residence district. Within such seventy-five feet, entrances or exits not exceeding three feet six inches in width and windows other than windows designed or used for display and when required by law, exits, ventilators, fire escapes and other appurtenances may be permitted. (b) Where zoning for other than residence use is confined to a distance of not over 175 feet along both streets from an intersection, the limitations of paragraph (a) of this section shall not apply within the distance of 100 feet from such intersection. Beyond such 100 feet, entrances or exits not exceeding three feet six inches in width and windows, other than windows designed or used for display and, when required by law, exits, ventilators, fire escapes and other appurtenances may be permitted."

Subdivision (q) of section 1 of the Zoning Resolution defines a sign as follows: " A ' sign ' is any structure or part thereof or device attached thereto or painted or represented thereon, which shall display or include any letter, word, model, banner, flag, pennant, insignia, device or representation used as, or which is in the nature of an announcement, direction or advertisement. For the purpose of this resolution the word ' sign '

includes the word ' billboard ', but does not include the flag, pennant or insignia of any nation, state, city or other political unit, or of any political, educational, charitable, philanthropic, civic, professional, religious or like campaign, drive, movement or event.  A ' business sign ' is a sign which directs attention to a business or profession conducted upon the premises.   An ' advertising sign ' is a sign which directs attention to a business, commodity, service or entertainment conducted, sold or offered elsewhere than upon the premises.  A ' for sale ' or ' to let ' sign relating to the property on which it is displayed shall be deemed a business sign.''

The alleged violation referred to as '' signs '' consists of gold-leaf letterings without a painted background placed upon the inside of two windows and the door to said store premises as shown upon various photographs marked in evidence which read as follows:

> Westerly window: '' Prescriptions — Cosmetics ''
> Easterly window: '' Drugs ''
> Door: '' Pill Box Pharmacy, Inc.— Rx ''

Quaere:  Does this constitute a violation of section 7-A of the Zoning Resolution of the City of New York?

The court has concluded that the gold-leaf letterings on the inside of the windows and door are not signs in violation of section 7-A of the Zoning Resolution.  A sign, as defined by subdivision (q) of section 1 of the Zoning Resolution (quoted above) is either a '' structure or part thereof or device attached thereto or painted or represented thereon ''.  The word '' structure '' could not possibly mean the building itself.  Moreover, section 7-A only prohibits signs '' on such street,'' while the window lettering is not on the street but inside the store.  If the Zoning Resolution had intended to ban window lettering, it would have been simple enough to say so.  Section 7-A read together with subdivision (q) of section 1 obviously refers only to exterior signs and the doctrine of strict construction in favor of the user requires the holding that the window lettering is not a prohibited sign within the meaning of the Zoning Resolution.

In this connection, note must be taken of section 440-a of the Penal Law and section 6805 of the Education Law, both of which require the name of the owner of the store to be displayed.

Moreover, the store in question, now occupied by the under-tenant as an ethical high-class pharmacy, is located in a retail zone and no question has been raised as to the legality of its use as a drugstore.  The retail zoning has existed for many

years and the evidence shows that since 1917, when the building was erected, the store involved herein was occupied by various business concerns, all of which had signs displayed in various forms. The prohibitions contained in subdivision (a) of section 7-A of the Zoning Resolution specifically apply to uses created subsequent to its adoption on March 1, 1943, as is clearly indicated by the use of the word '' hereafter '' in said resolution. Subdivision (b) of section 6 provides that '' Any use existing in any building or premises lawfully established subsequent to July 25, 1916, and not conforming to the regulations of the use district in which it is maintained, may be continued therein, except as provided in § 21-A (garages and gasoline stations) or in § 21-D (bus stations).''

Consequently, even if section 7-A was not by its own terms limited to premises '' hereafter arranged, intended or designed to be occupied for other than residence use '', subdivision (b) of section 6 would permit the continuance of the previously lawfully established use.

Furthermore, the tenant and undertenant have both interposed the defense of waiver and contend that the landlord herein is estopped from maintaining this proceeding. The evidence adduced shows that exterior signs, medallions and lettering have been used on the windows and door of the demised premises for many years and the landlord and its predecessors with knowledge of such use have accepted rent without any objection that such use was violative of the Zoning Resolution or of the covenants of the lease. The landlord is, of course, bound by the acts of its predecessors and its own acts. The landlord in writing approved the plans for the layout of the store and its use by the undertenant as a drugstore prior to the opening of the store. The undertenant expended approximately $26,000 in installing the fixtures pursuant to said plans.

The alleged violation, if such it be, is of such a trivial and inconsequential nature that it should not be the basis of a forfeiture of a long-term lease. No notice of violation has ever been filed by the department of housing and buildings, which department is charged with the duty of enforcing the Zoning Resolution.

In view of the evidence, in the court's opinion, the landlord has waived any alleged breach of the covenant of the lease and should be estopped from maintaining this proceeding.

As authority for the foregoing, see *Sol Apfel, Inc.* v. *Kocher* (61 N. Y. S. 2d 508, affd. 272 App. Div. 758; *98 Delancey St. Corp.* v. *Barocas* (82 N. Y. S. 2d 802, affd. 275 App. Div. 651, motion

for leave to appeal denied, 299 N. Y. 799); *Devonshire Associates* v. *Garrett* (190 Misc. 820); *Norman S. Riesenfeld, Inc.,* v. *R-W Realty Co.* (223 App. Div. 140); *Ogden* v. *Hamer* (268 App. Div. 751), and *6th Ave. & 24th St. Corp.* v. *Lyon* (193 Misc. 186, affd. 275 App. Div. 651).

Moreover, in addition to the foregoing determinations which require a dismissal of the petition herein, the court has grave doubts that paragraph 23 of the lease and the notice served thereunder by the landlord result in a termination of the lease based upon a conditional limitation. (See *Norman S. Riesenfeld, Inc.,* v. *R-W Realty Co., supra,* and *6th Ave. & 24th St. Corp.* v. *Lyon, supra*).

The petition is dismissed on the merits.