LATHAM IMPROVEMENTS, INC., Landlord, *v.* HENRY BRENNER, Tenant.

Justices' Court, Town of Colonie, Albany County, January 17, 1967.

*P. Richard Tuohey* for landlord. *Timothy J. Fogarty* for tenant.

FRANK A. TATE, JR., J. This is a petition to recover possession of premises on the grounds that the tenant violated the lease entered into between the parties. The essential facts are as follows:

The landlord on or about the 13th day of November, 1965, leased to Henry Brenner, the tenant, a certain apartment in the Latham Village Apartments in the Town of Colonie. The lease contained a provision in paragraph 7 giving the right to terminate the lease upon the default by the tenant of any one of the covenants contained in the lease or upon objectionable conduct by the tenant after the landlord had given the tenant a notice of the presence of objectionable conduct and the tenant had a chance to cure the objectionable conduct. Paragraph 20 of the lease provides: '' No dogs or other animals will be allowed to be harbored in the demised premises or upon any of the grounds of the Landlord ''.

On the 9th day of September, 1966, petitioner pursuant to paragraph 7 of the lease, personally served the tenant with a 10-day notice stating that the conduct of the tenant was objectionable in that he was harboring a dog in violation of paragraph 20 of the lease.

The dog was not removed and on September 23, 1966, a 5-day notice of the termination of the lease in writing was delivered to the tenant pursuant to paragraph 7 of the lease. Since the tenant did not vacate, this proceeding was brought to recover the premises.

On September 26, 1966, in support of the petition, the petitioner submitted an affidavit by Vera Flotow, agent of the petitioner and also submitted the lease and rules and regulations. The tenant moved to dismiss the petitioner's petition for insufficiency. The tenant's motion is hereby denied for the reason that the moving papers including the affidavit, the lease, and the rules and regulations establish a prima facie case.

At the trial, it was testified to by Vera Flotow that the tenant was harboring a dog on the premises. It was also testified to that certain rules and regulations had been agreed to by the tenant. The rules and regulations were identified by Vera Flotow and were offered into evidence. However, when counsel for the respondent objected to their admittance into evidence, counsel for the petitioner withdrew his offer.

After the trial was over, on December 7, 1966, counsel for petitioner moved for an order opening petitioner's case for further proof. Specifically he asked that the rules and regulations be admitted into evidence. For reasons discussed below, the court decides it is unnecessary to rule on petitioner's motion.

From the testimony of the petitioner's witness and from the testimony of the respondent, Henry Brenner, this court finds as a fact that the tenant was harboring a dog on the premises in violation of paragraph 20 of the lease and that neither paragraph 20 nor any other paragraph of the lease was waived by the landlord or its agent. This court also finds that the landlord complied with all of the provisions of paragraph 7 of the lease. This court further finds as a fact from the testimony of Vera Flotow that there were certain rules and regulations in effect and that the tenant had agreed to the same.

In order to obtain a final judgment of eviction against the tenant, the landlord is required to prove that the breach of the lease is a violation of a substantial obligation of the tenancy. (*Madison 52nd Corp.* v. *Ogust,* 49 Misc 2d 663, and the cases cited therein.)

The sole issue of law in this proceeding therefore is whether the harboring of a dog in violation of a lease is a violation of a substantial obligation of the tenancy. The court could find no reported decision on this question in the Third Department.

Although there is ample authority for the proposition that harboring a dog is not a violation of a substantial obligation of the tenancy (*B. G. Smith Real Estate* v. *Byrne,* 3 Misc 2d 559; *Hardav Realty Corp.* v. *Donahue,* 8 Misc 2d 951; *Parkside Development Co.* v. *McGee,* 21 Misc 2d 277; *Kingsway-14th Bldg. Corp.* v. *Flickstein,* 234 N. Y. S. 2d 812 [N. Y. City Civ. Ct., Kings County]) this court is not bound by this authority since three of these cases were decided in the First Department and one of them, *Kingsway-14th Bldg Corp.,* was decided in the Second Department. This court, therefore, holds that in this case, the harboring of a dog did constitute a violation of a substantial obligation of the tenancy.

In the above decisions, the premises in question were located in New York City where obtaining a suitable apartment is often

difficult because of the crowded living conditions. This fact may support an argument that forfeiture of a lease is too harsh a remedy for the breach of a covenant against harboring a dog. However, such an argument is not applicable in the present case where the premises are located in a suburban area.

Moreover in the Second Department three cases (*Valentine Gardens Co-op.* v. *Oberman*, 237 N. Y. S. 2d 535 [Sup. Ct., Westchester County]; *Cedar Constr. Corp.* v. *Schwartz*, N. Y. L. J., July 15, 1963, p. 8, col. 7 [App. Term, 2d Dept.]; *Lincoln Co-op. Apts.* v. *Meltzer*, N. Y. L. J., Jan. 30, 1963, p. 16, col. 3 [Sup. Ct., Kings County]) have concluded that harboring a dog in violation of the agreement constituted a substantial breach. In the First Department one case (*Knolls Co-op. Sec. No. 11* v. *Kurzrock*, N. Y. L. J., April 27, 1962, p. 14, col. 4 [Sup. Ct., Bronx County]) held that the mere harboring of a dog was a breach of a substantial obligation of a co-operative agreement. The court chooses to follow this line of authority, which it considers to be the better way.

The court feels that not only should a landlord be able to contract to exclude animals from his premises but that the law should and does provide him with remedies to enforce the contract.

Although the court finds that the tenant did violate the rules and regulations, to which he had agreed, this decision is not based on said violation.

Petitioner has a right to recover the premises since paragraph 20 of the lease had been violated and since paragraph 7 has been complied with by the landlord.

At the end of the petitioner's case and at the end of the respondent's case, the respondent renewed his motion to dismiss the petition for legal insufficiency. These motions are hereby denied for the reasons stated above.

The court gives judgment to the landlord petitioner. Tenant respondent is hereby ordered to vacate the premises by March 1, 1967.