■ JOSEPH RIZZO, Appellant, v. MORRISON MOTORS, INC., Respondent.— Judgment unanimously reversed on the law and facts, with costs, and judgment declared for plaintiff in accordance with the following Memorandum: Although plaintiff has not so designated his action, the relief he seeks is a judgment declaring that he has duly renewed his lease for a five-year term by compliance with the renewal provision. That clause provided "for one additional five-year term, by giving the landlord notice * * * in writing prior to June 1st, 1966, and prior to the last three months of the term herein stated". Because of the need to secure licenses for the operation of tenant's business the original term was "to commence as soon as the tenant can reasonably secure such licenses" and did in fact commence on October 1st rather than September 1st. Notice of tenant's election to renew was given on June 7, which was 3 months and 23 days before expiration of the original term. The trial court found that the "term of the lease is ambiguous" but, nevertheless, held that although it might work a hardship upon plaintiff, his failure to give notice by June 1 forfeited his right to renew. The controversy was submitted without the taking of proof except for defendant's admission that "some" money was spent by tenant in repairs and improvements of the premises. Defendant has not contradicted plaintiff's argument that the lease was drafted by defendant's attorney. "Any uncertainty or ambiguity in its terms should be resolved in favor of the plaintiff." (Eighteenth St. Realty Corp. v. Maxthan Realty Co., 233 App. Div. 687.) There can be no doubt that the tenant in all good faith intended to accomplish a renewal and that it would be a hardship to frustrate that intention. The principle to be followed is to give "the tenant the benefit of the rule or practice in equity which relieves against such forfeitures of valuable lease terms when default in notice has not prejudiced the landlord, and has resulted from an honest mistake, or similar excusable fault" (Jones v. Gianferante, 305 N. Y. 135, 138; also, see, Gordon v. Mazur, 284 App. Div. 289, 292; 1 McAdam, Landlord and Tenant [5th ed.] p. 721; 112 U. Pa. L. Rev. 975.) Judgment should be declared in plaintiff's favor granting him a renewal of the lease for a five-year term expiring September 30, 1971. (Appeal from judgment of Cattaraugus County Court dismissing complaint in action to renew lease.) Present — Goldman, J. P., Del Vecchio, Marsh, Witmer and Henry, JJ.