Hilda G. Schwartz, J.
Petitioner landlord brings this holdover summary proceeding pursuant to subdivision a of section 52 of the New York City Rent, Eviction and Rehabilitation Regulations, seeking to evict the tenant because of alleged violations of substantial obligations of his tenancy. The apartment in question is a rent-controlled four-room apartment on the fifth floor of 337 East 88th Street. There is a three-year lease, expiring September 30,1960, at a rental of $124 per month.
Landlord relies entirely upon subdivision a of section 52 of the city rent regulations, in his petition. There is no allegation as to nuisance (subd. b) or illegality of occupancy (subd. c).
Subdivision a of section 52 of the city rent regulations sets forth as grounds for proceedings for eviction “ a. The tenant is violating a substantial obligation of his tenancy other than the obligation to surrender possession of such housing accommodation and has failed to cure such violation after written notice by the landlord that the violation cease within 10 days; or within the 3 month period immediately prior to the commencement of the proceeding, the tenant has wilfully violated such an obligation inflicting serious and substantial injury upon the landlord ”.
The violations of substantial obligations of the tenancy which landlord alleges are (1) violation of paragraph 13 of the lease prohibiting occupancy by other than tenant and his immediate family, in that tenant allegedly maintained subtenants; (2) violation of paragraph 4 which forbids the exposing by tenant of any sign, advertisement or illumination at the windows or in any place except upon approval of landlord, and the use of shades, etc., except such are approved, in that tenant allegedly permitted business signs to be installed and (3) violation of paragraph 13 which forbids the use or occupancy for any pur *404 pose whatever in violation of governmental rules, ordinances or regulations, in that tenant allegedly maintained a photography studio in the apartment. There is also an allegation that tenant permitted noise and disturbance. While not alleged in the petition, landlord in a 10-day notice claimed further a violation of paragraph 7 which provides that no animals shall be kept without written consent of the landlord.
The tenant denies any violation whatsoever of the obligations of his tenancy or the terms of his lease.
The evidence submitted by landlord was to the effect that, in a visit to the apartment some five months previously, her agent found some visitors of tenant, including a bearded young man and several young women. He found an assortment of homemade furniture, including a large table made of boards, partly suspended by a chain from the ceiling; another homemade table made of boards; some photographic supplies in a small room or study which had been equipped with a dark windowshade; tripods and lights. He said he removed a small adhesive strip % inch by 4 inches from the mailbox with the legend ‘ ‘ Hirsch Enterprises; ” that he removed the tenant’s nameplate from the mailbox, on which another name besides the tenant had once appeared and since was blotted out; and a larger adhesive sign containing an obvious humorous reference, from the apartment door. Landlord also produced a business card with tenant’s name on it, his home address and telephone number and the word “ Photography.” He stated that on one occasion he saw three people enter tenant’s apartment, using keys to the front door and the apartment door. The superintendent testified that there was lots of company and that he heard noise and that sometimes a guest of the tenant would stay overnight; that the apartment was untidy; that a guest had visited with a dog but had left five months ago.
The tenant and three witnesses in his behalf, two of them attorneys and one a finance analyst and college photography editor, testified that the tenant was a free-lance film editor who worked at his employers ’ premises; that he conducted no business whatsoever in or from his apartment; that his hobby was photography and that there was no professional darkroom in the apartment, merely amateur equipment; that his home telephone was on his card so that he could be reached outside of his working hours. Tenant’s witnesses denied that a dog ever was kept in the apartment. Tenant denied that keys had been given to anyone except someone who cleaned the apartment; that he does not and never did maintain a photography studio in his apartment but has an enlarger, some trays, some chemicals and *405 lenses for use in his hobby of photography, one amateur tripod, and three small cameras. He stated that he had placed the humorous sign and the small adhesive strip on his apartment door as a prank joke to amuse his friends. He testified that he had built his sofa and two tables from boards and boxes and, indeed, decorated his walls with antique washboards. The ceiling chain and so-called humorous signs were removed prior to the commencement of this proceeding.
A landlord may not constitute himself a censor of the personal tastes, choice of friends or preferences in interior decoration of his tenant, unless these result in a willful violation of a substantial obligation of the tenancy inflicting serious and substantial injury upon the landlord.
A tenant of a rent-controlled apartment, so long as he continues to pay the rent to which the landlord is entitled, may not be evicted except on one or more of the grounds specified in section 52 of the New York City Rent, Eviction and Rehabilitation Regulations or unless the landlord has obtained a certificate as there provided. Before a tenant can be removed in a summary holdover proceeding on the grounds that he is violating a substantial obligation of his tenancy, something more than mere annoyance or momentary upset must be shown. (Valley Courts v. Newton, 47 Misc 2d 1028; Matter of Louisiana Leasing Co. v. Sokolow, 48 Misc 2d 1014.)
A forfeiture of a lease should not be, sought upon narrow grounds, and claimed violations of the lease provisions must be substantial in order to justify a forfeiture (Madison Cent. Corp. v. Weider, 91 N. Y. S. 2d 437).
Where the alleged violations of the lease are of a trivial and inconsequential nature, they should not be the basis of forfeiture (Madison Stores v. Enkay Sales Corp., 207 Misc. 1091). The tenant’s placing of allegedly humorous signs, later removed, on his apartment door, even if ill-advised and in bad taste, is not such a substantial violation of his lease as to warrant forfeiture of his lease and eviction in summary proceedings. In Madison 52nd Corp. v. Ogust (49 Misc 2d 663, affd. 52 Misc 2d 935) the tenant placed signs in the window of her store, without obtaining the landlord’s consent as required by her lease, which, the court (pp. 666, 667) said “ was a rash, ill-advised act, and the language used was in bad taste.” The court there found there was a violation but that ‘ ‘ In the light of all these factors and the physical facts and surrounding circumstances, it would indeed be most difficult for the court to find that the placing of the signs in the window without the consent of the landlord was *406 so substantial a violation as to justify the eviction of the tenant and the forfeiture of a long-term tenancy ’ ’.
Provisions for forfeiture are not favored by the courts, and as a general rule are strictly construed. (Gillette Bros. v. Aristocrat Rest., 239 N. Y. 87, 92; 3 New York Law of Landlord and Tenant, § 998; Janks v. Central City Roofing Co., 271 App. Div. 545.) Technicalities will not be permitted to work injustice or oppression (98 Delancey St. Corp. v. Barocas, 82 N. Y. S. 2d 802, affd. 275 App. Div. 651).
To justify so drastic a remedy as the eviction of a tenant and the forfeiture of a lease, the landlord asserting a violation of a substantial obligation of the tenancy has the burden of establishing that the violations were more than acts of which the landlord disapproved. The alleged breach must be a violation of a substantial obligation of the tenancy (Fairchild Investors v. Cohen, 43 Misc 2d 39; Mutual Redevelopment Houses v. Hanft, 42 Misc 2d 1044; Sigsbee Holding Corp. v. Canavan, 39 Misc 2d 465; Jerome Realty Co. v. Yankovich, 35 Misc 2d 183; 940 St. Nicholas Ave. Corp. v. Grant, 35 Misc 2d 165).
The petitioner landlord has not sustained her burden of proving a violation of the terms of the lease as to subtenants; as to the maintenance of a dog; as to the maintenance of a commercial or professional photography studio; or as to permitting excessive or disturbing noise. The posting of two small signs, not business signs, upon the apartment door, removed by the landlord prior to the commencement of this proceeding, was conceded by tenant and described by him as a prank intended to amuse his friends. While technically a violation of clause ‘1 Fourth ’ ’ of the lease when affixed, they were removed even before the landlord sent tenant a 10-day notice to cure violations. In any event, the violation is of a trivial and inconsequential nature and clearly is not such a substantial violation as to justify the forfeiture of a lease.
Petitioner has not established willful violation of the substantial obligations of his tenancy inflicting serious and substantial injury upon the landlord, as required by subdivision a of section 52 of the New York City Bent, Eviction and Behabilitation Begulations. Accordingly, the petition is dismissed.