Frederic E. Hammer, J.
This is a holdover proceeding brought by the landlord against the tenant charged with a violation of a substantial obligation of his lease, to wit: The harboring of a dog in tenant’s apartment which is alleged to be contrary to the provisions of the tenant’s lease. The lease is a printed form containing several riders. The lease was executed by the parties as were the riders. On the reverse side of the printed form of the signed lease is contained a set of rules and .regulations which were not signed by the parties. The lease and riders were prepared by the landlord and submitted to the tenant for execution. The covenants of the lease contain no provision with respect to the harboring of a dog on the premises. The rules and regulations do contain such a provision, to wit, No. 17, as follows: “ No animals of any kind shall be kept or harbored in the demised premises, unless the same in each instance be expressly permitted in writing by the Landlord, and such consent, if given, shall be revocable by the Landlord at any time. The keeping or harboring of any animal in the demised premises without such consent, or after revo *1057 cation thereof, shall be deemed a substantial violation by Tenant of this lease.”
Eider “ B ” to the lease and signed by the parties provides in part as follows: “ In the event tenant harbors an animal in his apartment, same being contrary to the terms of the lease and rules and regulations therein contained, the landlord may in its sole and exclusive judgment fix the amount of $10 per month for such violation which shall be paid as additional rent.” (Italics writer’s.)
The lease contains a further provision (par. 9) which provides that the rules and regulations shall be faithfully observed by the tenant.
The landlord to terminate the lease served an appropriate notice upon the tenant alleging the violation of a substantial obligation of the tenancy, in that the tenant was harboring a dog in his apartment. The tenant failed to remove the dog and the instant holdover proceeding was commenced. The tenant admitted having the dog in its apartment, a three-pound Yorkshire terrier for approximately one month. The landlord makes no assertion that the dog is a nuisance nor does it in any way impair the cleanliness or maintenance of the building. The courts have made various determinations in such instances. (See App. Div., 1st Dept. Knolls Co-op. Section No. II v. Cashman, N. Y. L. J., March 5, 1963, p. 17, col. 3, affd. 19 A D 2d 789, affd. 14 N Y 2d 579; North Carolina Leasing Co. v. Lazare, App. Term, 2d & 11th Jud. Dists., N. Y. L. J., July 13, 1970, p. 11, col. 2; Mutual Redevelopment Houses v. Hanft, 42 Misc 2d 1044 and cases cited; Hilltop Vil. Co-op. No. 4 v. Goldstein, 43 Misc 2d 657; Trump Vil. Sec. 4 v. Cooper, 61 Misc 2d 757; Lincoln Co-op Apts. v. Zaifert, 23 A D 2d 796.)
However, it does not appear that these decisions are applicable here. This case is distinguished and should be determined on other considerations.
Where parties to a lease provide that the landlord can at his option increase the rent upon the breach of a covenant, their purported designation of that covenant as a substantial obligation of the tenancy is not given effect for the purposes of bringing a summary proceeding. They have demonstrated that they do not really consider the presence of dogs the breach of a substantial obligation (Trump Vil. Sec. 3 v. Rothstein, 62 Misc 2d 742).
Cases are legion holding that any uncertainty or ambiguity in lease drawn by lessor should be resolved in favor of lessee. (See 455 7th Ave. v. Hussey, 295 N. Y. 166; Eighteenth St. Realty Corp. v. Maxthan Realty Co., 233 App. Div. 687.)
*1058 Section 53 of the Bent Eviction and Rehabilitation Regulations provides that a summary proceeding can be maintained only if the court determines the existence of certain grounds, among which is a violation of tenancy. The court is expressly empowered to determine whether a breach of a substantial obligation has occurred. The court is not obliged to accept the designation in the lease of a substantial obligation, notwithstanding no showing of materiality. Rent Stabilization Law was passed in order to ‘ ‘ prevent exactions of unjust, unreasonable and oppressive rents and rental agreements ”. (See Administrative Code of City of New York, § YY51-1.0 [Rent Stabilization Law].) Rider “B” of the lease permits the keeping of a dog upon payment to the landlord at its option of the sum of $10 a month. In the instant case, the intention of the parties seems to be that if a dog is so harbored, the sum of $10 per month would suffice to assuage the landlord’s feeling of the violation of the lease on the part of the tenant. What is therefore apparent is that the interest of the landlord is not to avoid the harboring of a small animal and the possible inconvenience it might cause to other tenants, but, the additional moneys that this landlord can impose and receive from the tenant, to wit; $10 per month. Upon such a payment the dog loses its character of a violation and no longer constitutes a substantial violation and becomes an accepted member of the tenant’s family. It should be noted that nowhere in the lease itself is there any mention made of the harboring of a dog so as to constitute a substantial violation. (See Parkside Development Co. v. McGee, 21 Misc 2d 277; Jerome Realty Co. v. Yankovich, 35 Misc 2d 183; Valentine Gardens Co-op. v. Oberman, 237 N. Y. S. 2d 535.) The rules and regulations, not signed by the tenants, which appear on the back of the printed form of the lease, is the only place where there is any mention made of the harboring of a dog.
The court therefore holds that the harboring of this dog does not constitute a violation of a substantial obligation of the lease and accordingly the petition is dismissed. There are no grounds for a final order in favor of the landlord.