Per Curiam.

Petitioner, a co-operative corporation, commenced this summary proceeding to evict a tenant-shareholder on the ground that said tenant is illegally holding over after petitioner terminated the tenancy pursuant to a conditional limitation provision of the proprietary lease. Specifically, tenant is charged with harboring a dog in violation of a “ house rule ” prohibiting the keeping of any bird or animal without the express written permission of the lessor. Paragraph 30 of the lease provides that,
“ If upon, or at any time after, the happening of any of the events mentioned in subdivisions (a) to (h) inclusive of this paragraph, the Lessor shall give to the Lessee a notice stating that the term hereof will expire on a date at least five days thereafter, the term of this lease shall expire on the date so fixed, as if that were the date originally fixed for its expiration and all right, title and interest of the Lessee hereunder shall thereupon cease and expire, and the Lessee shall thereupon quit and surrender the apartment to the Lessor, it being the intention of the parties hereto to create hereby a conditional limitation, and thereupon the Lessor shall have the right to re-enter the apartment and¡ to remove all persons and personal property therefrom, either by summary dispossess proceedings, or by any suitable action or proceeding at law or in equity, or by force or otherwise, and to repossess the apartment in its former estate as if this lease had not been made, and no liability whatsoever shall attach to the Lessor by reason of the exercise of the right of re-entry, repossession and removal herein granted and reserved * * * “ (d) If the Lessee shall continue to violate a house rule for thirty days after notice thereof shall have been duly given, or if the Lessee shall repeatedly violate or disregard house rules after notice and demand for compliance shall have been given ’ ’.
Appended to and made a part of the lease are 26 enumerated house rules, which the tenant covenanted to obey. These rules include such things as restrictions on the operation of radio and television sets, prohibitions against the installation of non-approved (by lessor) window shades, or apartment door locks, and a prohibition against transporting tricycles and bicycles on the passenger elevators coupled with a prohibition against tenant’s children using the service elevator. House rule No, 17 provides that, ‘ ‘ no bird or animal shall be kept or harbored in the building unless the same in each instance be expressly permitted in writing by the Lessor.” No proof was adduced below *361 as to the number of goldfish, parakeets, canaries or other such pets in the building, but the current dog population was fixed at eight, all presumably harbored with the express written permission of the lessor. Respondent-tenant took title to her apartment in February, 1969 and moved into it in June, 1969. She sought, and was denied, permission to keep a dog. She has harbored a dog in her apartment nevertheless, commencing in August, 1969. In November and December, 1969, the lessor sent tenant written demands to remove the dog, setting January 5, 1970 as the deadline. On January 15,1970 the lessor sent tenant a formal 30-day notice pursuant to paragraph 30 of the lease. Tenant ignored these notices and the corporation did nothing until April, 1970, when its attorneys sent a further demand letter. On April 28, 1970, at the annual meeting of the corporation, tenant ran, unsuccessfully, for a directorship. Immediately after that meeting, the board of directors voted to terminate her tenancy. A formal notice was sent on May 1, 1970, terminating the lease effective May 15, 1970. Upon tenant’s refusal to surrender possession, the instant summary dispossess proceeding was commenced. The trial court dismissed the petition on constitutional grounds, finding in the applicable lease provisions a right of confiscation of property without due process of law. We are unable to accept this reasoning and finding but concur, on other grounds, in the result reached.
Although the above-quoted lease provision recites an intention to create a conditional limitation, whether it actually creates a limitation or merely a condition subsequent is a question subject to dispute (compare Beach v. Nixon, 9 N. Y. 35; Riesenfeld, Inc. v. R-W Realty Co., 223 App. Div. 140, with Brause v. 2968 Third Ave., 43 Misc 2d 691, affg. 41 Misc 2d 348; Burnee Corp. v. Uneeda Pure Orange Drink Co., 132 Misc. 435; Remedco Corp. v. Bryn Mawr Hotel Corp., 45 Misc 2d 586, 589; see, also, 14 Carmody-Wait, New York Practice, pp. 265-266; Niles, “ Conditional Limitations in Leases ”, 11 N. Y. U. L. Rev. 15). However, assuming without deciding, that the instant lease provision does create a conditional limitation, we hold it to be insufficient to effect a forfeiture of this valuable leasehold.
Forfeitures are not favored by the courts (see, e.g., Gillette Bros. v. Aristocrat Rest., 239 N. Y. 87; Paddell v. Janes, 84 Misc. 212; Janks v. Central City Roofing Co., 271 App. Div. 545; Schnitzer v. Fruehauf Trailer Co., 283 App. Div. 421, affd. 307 N. Y. 876). No appellate court decision can be found permitting a forfeiture absent a showing that the alleged lease violation rendering operative a conditional limitation, constitutes
*362 a violation of a substantial obligation of the tenancy. Where a valuable leasehold is involved, and the tenant herein has invested over $100,000 in her apartment, a forefiture will not be declared when the condition in question is insubstantial or of a “ trifling nature ” (see 6th Ave. & 24th St. Corp. v. Lyon, 193 Misc. 186; Madison Stores v. Enkay Sales Corp., 207 Misc. 1091; Moss v. Hirshtritt, 60 Misc 2d 402). By the same token, violation of a substantial obligation of a tenancy is itself a ground for obtaining summary eviction. On their face, a number of the house rules cited appear to be insubstantial. It remains to be determined whether the mere keeping of a dog in contravention of the house rule constitutes a breach of a substantial obligation of the tenancy warranting termination of the tenancy. The Second Department has apparently answered this question in the affirmative (Hilltop Vil. Co-op. No. 4 v. Goldstein, 43 Misc 2d 657 [App. Term. 2d Dept., 1964], affd. without opn. 23 A D 2d 722; see, also, Latham Improvements v. Brenner, 52 Misc 2d 793 [Justices’ Court, Town of Colonie, Albany County, 1967]). In the First Department, however, we have consistently held that the mere keeping of a dog in contravention of a lease provision is not a violation of a substantial obligation of the tenancy, so as to warrant forfeiture of the leasehold (see Parkside Development Co. v. McGee, 21 Misc 2d 277 [App. Term, 1st Dept., 1959]; Smith Real Estate v. Byrne, 3 Misc 2d 559 [App. Term, 1st Dept., 1952]; Jerome Realty Co. v. Yankovich, 35 Misc 2d 183 [App. Term, 1st Dept., 1962]). Where the parties to a lease expressly agree in writing that a certain breach (such as the harboring of a dog) will constitute a substantial violation, that agreement may be given effect (see L. H. Estates Co. v. Bartholomew, 9 Misc 2d 116 [App. Term, 1st Dept., 1957]; East Riv. Housing Corp. v. Matonis, 34 A D 2d 937 [1st Dept.], affd. 27 N Y 2d 931; see, also, Masaryk Towers Corp. v. Goldschmidt, N. Y. L. J., Jan. 9, 1970, p. 2, col. 3 [App. Term, 1st Dept, No. 371 of October, 1969 Term]), unless there is clear evidence that the parties, in fact, do not deem it, substantial (see, e.g., Jefferson Assoc. v. Miller, 63 Misc 2d 1056; Trump Vil. Sec. 3 v. Rothstein, 62 Misc 2d 742). There is no such express provision in the instant lease, nor any proof that the panties otherwise agreed that the violation in issue was to be deemed a violation of a substantial obligation of the tenancy. Accordingly, the lessor has failed to establish any basis for forfeiture of the leasehold by summary proceedings.
*363 However, the lessor is not without a remedy. Co-operative rules and regulations which prohibit or regulate the harboring of animals have been held to be reasonable (Knolls Co-operative Section II v. Cashman, N. Y. L. J., March 5, 1963, p. 17, col. 3, affd. 19 A D 2d 789, affd. 14 N Y 2d 579) and enforceable by injunctive action (see, e.g., Riverbay Corp. v. Klinghoffer, 34 A D 2d 630 [1st Dept., 1970]; Brigham Park Co-op. Apts., Section No. 2 v. Krauss, 21 N Y 2d 941; Mutual Redevelopment Houses v. Balducci, 37 A D 2d 943). This distinction in enforcement, based upon the remedy sought, is understandable, since ‘ ‘ the impact of a holdover proceeding seeking the ouster of a tenant and resulting in a forfeiture of the tenancy cannot be compared with the milder form of injunctive relief.” (Madison 52nd Corp. v. Ogust, 49 Misc 2d 663, 664; see, also, Emrite Realty v. Neal, 196 N. Y. S. 2d 883). Ostensibly, the primary aim of the lessor is the eviction of the dog, not its owner. That end can be achieved simply and expeditiously by means of an injunctive action, and our determination does not preclude the institution of such action, if lessor be so advised.
The final judgment should be affirmed, with $25 costs.