Maubice Wahl, J.
The undersigned Referee was appointed as such pursuant to the order of Hon. Edwabd Thompson, Administrative Judge of the Civil Court of the City of New York, to hear and determine the issue, hereinafter set forth.
The respondent Frankorama, Inc. hy order to show cause moves to dismiss the petition in the instant holdover proceeding (CPLR 3211, subd. [a]), and the petitioner Nathan’s Famous, Inc. cross-moves for summary judgment (CPLR 3211, subd. [c]). This proceeding arises out of a franchise agreement executed by the petitioner, as franchiser, and the respondent’s predecessors in interest, as franchisees, on or about November 8, 1968 *453 and a lease executed "by the petitioner, who is designated therein as “landlord”, and the respondent, who is designated therein as “ tenant ”, on or about April 8, 1969. Under the specified lease the petitioner is actually a prime tenant under a master lease negotiated with the owner of the demised premises, consisting of commercial floor space within the shopping center know as number 2710 Hylan Boulevard, Staten Island, New York, and the respondent is a subtenant.
The term of the franchise agreement is for a period of 20 years with a conditional right reserved to the respondent to renew the agreement for an additional 20-year period. The term of the lease is for a period of 25 years with a conditional right reserved to the respondent to renew the lease for two additional 10-year periods.
A period short of three years has run on the franchise agreement and the subleases. The respondent in the moving affidavit states it has expended sums of money in excess of $800,000, to acquire the franchise, for equipment, and in payment of rents, franchise fees and for local and national advertising fees.
Section 20.01 of the lease provided in pertinent part: “If at any time during the term of this lease: (f) Tenant shall default in the performance of any of the terms, covenants or conditions of a franchise agreement made on the 8th day of November, 1968 by and between * * * [Respondent’s predecessors in interest] and the landlord named herein.
1 ‘ Landlord, at its option may terminate this lease on at least ten days’ notice to tenant, and upon such termination, tenant shall quit and surrender the leased premises to landlord and tenant shall remain liable as provided in Section 20.02 of this article.”
On February 11, 1972 the petitioner wrote to the respondent: “Reference is made to the Franchise Agreement between us dated November 8, 1968. Pursuant to Article 13 you * * * are required to pay us * * * weekly franchise fees no later than Friday of each week for the preceding week * * * the weeks for which weekly franchise fee payments are past due (are the week ending January 30, 1972 and the week ending February 6, 1972).
‘ ‘ Pursuant to Article 24 of the Franchise Agreement, we are hereby giving you notice that we will exercise our right to terminate the Franchise Agreement if we have not received payment of all past due weekly franchise fees within ten days from the date of this notice (i.e., February 21, 1972).”
The aggregate amount of the “past due ” franchise fees for the weeks ending January 30, and February 6 appears to *454 have been approximately $2,500. The respondent indicates that it received the aforesaid notice of arrears on Monday, February 14, 1972. It is undisputed that the franchise fee for the week ending January 30 was paid by the respondent on February 14, 1972 and the franchise fee for the week ending February 6, 1972 was paid by the respondent on February 24, 1972. The petitioner, relying on paragraph 26 of the franchise agreement, which provides “ notice * * * shall for all purposes be deemed to have been given to and received by the party for whom entitled on the date the notice was so mailed,” claims that since the respondent’s payment of February 24, 1972 was three days late, it constituted a default under the franchise agreement, and the petitioner was entitled to terminate the lease pursuant to subdivision (f) of section 20.01 of the lease quoted above.
On February 24, 1972 the petitioner accordingly wrote to the respondent: ‘ ‘ Pursuant to section 20.01 of the sublease agreement between us dated April 8,1969, we hereby give you notice that we are exercising our option to terminate the sublease agreement as a result of your default under the Franchise Agreement which you failed to remedy in the ten days * * *
At that time you will be required to quit and surrender the lease premises.”
The respondent claims that the petition herein fails to adequately specify the grounds upon which this proceeding is based. The lease was purportedly terminated by the petitioner because of the respondent’s failure to make certain payments under the franchise agreement. The petition however fails to indicate which payments under the franchise agreement were delinquent and constituted the basis for the notice of termination. The franchise agreement requires the respondent to make many payments to the petitioner, and it is therefore essential that the delinquent payments be identified in the petition to give the court adequate notice of the underlying transaction and the material elements of the proceeding (Real Property Actions and Proceedings Law, § 741; Goldman. Bros. v. Forester, 62 Misc 2d 812; United Institutional Servicing Corp. v. Santiago, 62 Misc 2d 935; cf. Waitt Constr. Co. v. Loraine, 109 Misc. 527). The failure to supply such particulars constitutes a fatal defect in the petition. In Giannini v. Stuart (6 A D 2d 418) the court dismissed the petition because the petitioner did not set forth concisely the ultimate facts.
Furthermore, the circumstances herein do not constitute a proper basis for instituting a holdover summary proceeding. *455 Although the petitioner argues that the respondent’s three-day delay in paying the franchise fees due for the week ending February 6,1972 constituted a sufficient basis for triggering the alleged conditional limitation contained in section 20.01 of the lease, section 20.01 of the lease actually constitutes a mere condition subsequent rather than a conditional limitation sufficient to support a summary proceeding. Section 20.01 of the lease does not create a conditional limitation for while the petitioner is granted an option to terminate the lease upon respondent’s default under the franchise agreement, it is not specifically stated that the term of the lease shall automatically expire upon the lapse of the time fixed in a notice sent by the petitioner. Rasch, New York Landlord and Tenant (vol. 2, § 751, p. 203) notes that in order to create a conditional limitation ‘ ‘ the lease must clearly provide that the term shall automatically expire upon the lapse of time fixed in a notice sent by the landlord.”
Unless this precise formula is used, the courts will rule that the provision is a condition, rather than a conditional limitation. (Beach v. Nixon, 9 N. Y. 35; Bisenfeld, Inc. v. R-W Reatty Co., 223 App. Div. 140; Jamaica Bldrs. Supply Corp. v. Buttelman, 25 Misc 2d 326.) While the occurrence of a conditional limitation which terminates a lease is a sufficient basis for initiating a summary proceeding to remove a tenant who continued in possession after the expiration of his term (Real Property Actions and Proceedings Law, § 711, subd. 1), upon the breach of a condition subsequent constituting a forfeiture of a lease, a landlord may enforce the forfeiture by re-entry which generally requires an action to recover the premises in an ejectment action. Since the respondent’s delay in paying the specified franchise fees at best constitutes a breach of condition subsequent the petitioner may not properly maintain a holdover summary proceeding, and is relegated to an action in ejectment (Beach v. Nixon, supra; Lyon v. Hersey, 103 N. Y. 264; Hayman v. Butler Bros., 196 Misc. 641).
In any event, the courts do not favor forfeitures for technical breaches, especially where a landlord has not been prejudiced thereby. (Schnitzer v. Fruehauf Trailer Co., 283 App. Div. 421, affd. 307 N. Y. 876.) Although the petitioner relies on the respondent’s alleged breach of the franchise agreement, this alleged breach does not in fact constitute a material violation of the terms of. the franchise agreement. Assuming that the specified franchise fee was paid three, days late, the “ late payment ” of less than $2,500 does not constitute grounds for *456 terminating the respondent’s substantial rights under the franchise agreement and lease.
Even if it were determined that section 20.01 created a conditional limitation, the recent decision of the Appellate Term, First Department, in 930 Fifth Corp. v. King (N. Y. L. J., May 3, 1972, p. 2, cols. 2-3) is sufficiently persuasive to deny petitioner’s motion for summary judgment:
“ However, assuming without deciding, that the instant lease provision does create a conditional limitation, we hold it to be insufficient to effect a forfeiture of this valuable leasehold.
“ Forfeitures are not favored by the courts (see, e.g., Gillette Bros. v. Aristocrat Restaurant, 239 N. Y. 87; Paddell v. Janis, 84 Misc. 212; Janks v. Central City Roofing Co., 271 App. Div. 545; Schnitzer v. Freuhauf Trailer Co., 283 App. Div. 421, affd. 307 N. Y. 876). No appellate court decision can be found permitting a forfeiture absent a showing that the alleged lease violation rendering operative a conditional limitation, constitutes a violation of a substantial obligation of the tenancy. Where a valuable leasehold is involved, and the tenant herein has invested over $100,000 in her apartment, a forfeiture will not be declared when the condition in question is insubstantial or of a ‘ trifling nature ’ (see 6th Avenue & 24th Street Corp. v. Lyon, 193 Misc. 186; Madison Stores, Inc. v. Enkay Sales Corp., 207 Misc. 1091; Moss v. Hirshtritt, 60 Misc 2d 402).”
The respondent here has invested hundreds of thousands of dollars in securing the specified franchise and lease, both of which, as noted, have unexpired terms of more than 15 years without regard to renewal options. Under these circumstances, the petitioner’s attempt to abrogate the respondent’s rights under the franchise agreement and lease, predicated on mere technicalities, or, if you please, petty distinctions is an attempt to use the courts in a plan to improperly evict the respondents. In essence the petitioner seeks to utilize the celerity of a determination in summary proceedings for an adjudication of contract rights under a franchise agreement. This is beyond the purview of article 7 of the Real Property Actions and Proceedings Law.
Accordingly, the respondent’s motion to dismiss the petition is granted and the petitioner’s cross motion is denied.