■ JULIUS SHAPERO et al., Respondents-Appellants, v BON NEUVE REALTY CORP. et al., Appellants-Respondents, et al., Defendant. (Action No. 1.) 211 WEST 34TH STREET CORPORATION, Plaintiff, v KENKIL DISTRIBUTORS, INC., et al., Defendants. (Action No. 2.) KENKIL DISTRIBUTORS, INC., et al., Appellants, v 211 WEST 34TH STREET CORPORATION, Respondent. (Action No. 3.) [634 NYS2d 379] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered March 17, 1995 and supplemental order of the same court and Justice, entered on or about February 19, 1995, which, after a nonjury trial, *inter alia*, awarded possession of the subject premises to plaintiff 211 West 34th Street Corporation, dismissed the individual plaintiffs' causes of action, adjudged that 25% ownership of the capital stock of plaintiff corporation was transferred to defendant Bon Neuve Realty Corp., dismissed plaintiffs' claim for money damages, dismissed the individual defendants' first through fifth counterclaims and Bon Neuve Realty Corp.'s sixth counterclaim in the first action and dismissed defendants' counterclaims in the second action, unanimously affirmed, with costs to plaintiffs.

The determination that the individual defendants in actions numbers 1 and 2 violated paragraphs 11 and 48 of the lease, and thus were, not entitled to exercise the option to renew, was supported by the evidence (*Cohen v Hallmark Cards*, 45 NY2d 493, 499). Since such violations negated substantial compliance with the lease and it cannot be said that the landlord was not injured by such noncompliance, defendants were not entitled to be relieved of their default (*cf., Atkin's Waste Materials v May*, 34 NY2d 422; *Ogden v Hamer*, 268 App Div 751).

We have considered the parties' remaining contentions for affirmative relief and find them to be without merit. Concur—Murphy, P. J., Sullivan, Ross, Williams and Tom, JJ.